UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIME CRUZ,

    Plaintiff,

v.                                            Case No:   2:17-cv-570-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jaime Cruz's Complaint, filed on October 16, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

B.     **Procedural History**

On October 2, 2014, Plaintiff filed an application for disability insurance benefits. (Tr. at 87, 193-94). Plaintiff asserted an onset date of September 20, 2014. (*Id.* at 193). Plaintiff's application was denied initially on December 9, 2014 and on reconsideration on February 9, 2015. (*Id.* at 87, 97). Administrative Law Judge Benjamin Chaykin ("ALJ") held a hearing on September 9, 2016. (*Id.* at 45-85). The ALJ issued an unfavorable decision on November 28, 2016. (*Id.* at 25-34). The ALJ found Plaintiff not to be under a disability from September 20, 2014, through the date of the decision. (*Id.* at 33).

On September 18, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 16, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 12).

C.     **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2018. (Tr. at 27). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 20, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairment: "degenerative disc disease of the lumbar spine (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 28).

At step four, the ALJ determined:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. § 404.1567(a) except the claimant can never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; and occasionally stoop, crouch, balance, kneel, and crawl. The claimant can have no exposure to dangerous hazards such as unprotected heights or dangerous machinery and can have no concentrated exposure to vibration.

(*Id.*).

The ALJ determined that Plaintiff was able to perform her past relevant work as an administrative assistant. (*Id.* at 32). Alternatively, at step five, the ALJ determined that

3

considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following sedentary, unskilled representative occupations for an individual with Plaintiff's age, education, work experience, and residual functional capacity ("RFC"): (1) receptionist, DOT # 237.367-046; (2) sorter, DOT # 209.567-014; and (3) order taker, DOT # 209.567-014. (*Id.* at 33).[2] The ALJ concluded that Plaintiff was not under a disability from September 14, 2014, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.    Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ's finding that the opinion of treating physician Dr. Gross is entitled to "limited weight" is supported by substantial evidence and comports with the requirements of 20 C.F.R. § 404.1527; SSR 96-2p.
(2) Whether the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence, as required by 20 C.F.R. § 404.1529(c).
(3) Whether the RFC adequately accounts for the Plaintiff's manipulative limitations and the need for a sit/stand option when viewed in conjunction with the record as a hole, as required by 20 C.F.R. § 404.1545(a).

(Doc. 13 at 7, 15, 21). The Court turns to the first issue regarding the weight afforded the treating physician's opinion below.

### A.    Weight Afforded Treating Physician's Opinion

Plaintiff asserts that the ALJ afforded limited weight to Plaintiff's treating physician, Andrew M. Gross, M.D.'s opinion. (*Id.* at 8). Plaintiff argues that the ALJ's findings are inconsistent with the record and not supported by substantial evidence. (*Id.*).

The Commissioner argues that the ALJ properly considered Dr. Gross's opinion and reasonably found Plaintiff had less limitations than Dr. Gross opined. (*Id.* at 12).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the

5

claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In the instant case, the ALJ stated that following reasons to discount Dr. Gross's opinion:

> The undersigned gives limited weight to the opinions of Dr. Gross that the claimant could sit for up to 45 minutes at a time and up to 2.5 hours total in an 8-hour workday; stand and/or walk for 15-20 minutes at a time and up to 1.5 hours total in an 8-hour workday; occasionally lift up to 10 pounds; push and pull up to 10 pounds; could not perform fine manipulation or operate foot controls; never squat, crawl, or climb; occasionally bend; and occasionally reach above the shoulder but with no weight (Ex. 22F). These opinions are not generally consistent with Dr. Gross's own treatment records, the claimant's testimony that she only uses her cane to walk long distances, her conservative treatment, or the lack [of] treatment for upper extremity problems. In sum, the above residual functional capacity assessment is supported by the medical evidence and reports of the claimant's level of functioning from both the claimant and medical professionals.

(Tr. at 31). Thus, the ALJ basically finds the following four (4) reasons to discount Dr. Gross's opinion: (1) Dr. Gross's opinions are not generally consistent with his treatment notes; (2) Plaintiff only uses a cane for long distances; (3) Plaintiff's conservative treatment; and (4) Plaintiff's lack of treatment for upper extremity problems. (*Id.*). The Court turns to each of

6

these findings to determine whether the ALJ articulated good cause to discount Dr. Gross's opinion.

### 1. Whether Dr. Gross's Opinion Is Inconsistent with His Treatment Records

The ALJ asserted that Dr. Gross's opinion as to Plaintiff's limitations was inconsistent with Dr. Gross's own treatment notes. (*Id.*). Dr. Gross began treating Plaintiff in April 2014, and continued treating Plaintiff through at least December 2016. (*Id.* at 15, 419).

In Dr. Gross's treatment notes of December 5, 2014, Dr. Gross determined that Plaintiff ambulated normally, with a normal tandem gait. (*Id.* at 462). He further found that Plaintiff had a limited range of motion and tenderness in the lumbar spine appearing worse on the right side, mild positive straight-leg test results, spasms, tenderness, and notable pain worsening with extension and rotation. (*Id* at 463.). Dr. Gross also found notable weakness on the right dorsiflexion and hip flexion, and a right foot drop with weakness. (*Id.* at 463-64). Dr. Gross noted that Plaintiff had "worsening facet arthropathy contributing to L4 nerve narrowing, significant S1 crowding from HNP at L5-S1 causing right drop foot & weakness." (*Id.* at 464). Dr. Gross stated as to work restrictions generally, "[d]ue to patient['s] chronic facet pain, she has difficulties with [s]tand[ing] and or sitting for long period of time, [b]ending, [s]quatting, [l]ifting, [p]ulling, or pushing. Please excuse patient from these duties." (*Id.* at 463).

On March 31, 2015, Plaintiff reported to Dr. Gross that her pain level was worsening and she experienced increased weakness in her right leg. (*Id.* at 478). Plaintiff claimed she was unable to work to due to pain. (*Id.*). Dr. Gross noted limited range of motion, tenderness and spasms in the lumbar spine, decreased spine extension especially on the right side, positive straight-leg test mild, and mild bilateral hip flexor weakness. (*Id.* at 481). Dr. Gross found Plaintiff did well with her medication regimen, including Hydrocodone and Klonopin. (*Id.* at

7

482). Dr. Gross found that "[p]atient has legitimate pain and needs narcotic medications for greater than 72 hours." (*Id.* at 483).

On December 21, 2015, Plaintiff saw Laura Holland, ARNP[3] for worsening radicular symptoms and foot drop. (*Id.* at 557). On examination, Ms. Holland found limited range of motion in the lumbar spine, tenderness and bilateral spasms, flexion decreased "mild with pain, bilateral positive straight-leg raising test, and paraspinous muscle spasms." (*Id.* at 556). She also found notable weakness on the right dorsiflexion and hip flexion with minimal left hip flexor weakness. (*Id.*). Notably, Ms. Holland found limited ambulation, abnormal tandem gait test, and found Plaintiff unable to heal walk or tiptoe walk. (*Id.*). Ms. Holland assessed Plaintiff with "worsening radicular symptoms and is now having foot drop." (*Id.* at 557). Ms. Holland limited Plaintiff to activities as tolerated. (*Id.*).

These treatment notes support Dr. Gross's August 11, 2016 opinion that Plaintiff is limited in standing, walking, and sitting. (*See* Tr. at 610). Dr. Gross determined Plaintiff had limitations as to these exertional activities in December 2014 and the medical records show that Plaintiff's condition has worsened as established by Ms. Holland in December 2015. (*Id.* at 557). According to the medical records, Plaintiff no longer ambulates normally and has an abnormal tandem gait test. (*Id.*). Later medical records also confirm Plaintiff's worsened state regarding her back impairments. (*See e.g.*, *id.* at 584, 589).

Based on the foregoing medical records, the Court finds that Dr. Gross's treatment notes support his opinion and that the ALJ's decision to discount Dr. Gross's opinion based upon his opinion not being generally consistent with his treatment notes is not supported by substantial

---

[3] From the record, it appears that both Laura Holland, ARNP and Dr. Gross work for Orthopedic Center of Florida. (*See* Tr. at 464, 553).

evidence.  The Court also finds that the ALJ generally states that Dr. Gross's opinion is inconsistent with his treatment notes, but does not support this statement with specific citations to the record illustrating instances of this inconsistency.  Thus, the Court finds that the ALJ did not have good cause to discount Dr. Gross's opinion for this reason.

### 2. Whether Plaintiff Uses a Cane Only for Walking Long Distances

The ALJ asserts that Dr. Gross's opinion is not supported by the record because Plaintiff only uses a cane when walking long distances.  (*Id.* at 31).  Dr. Gross prescribed a cane for Plaintiff on March 31, 2015.  (*Id.* at 612).  Plaintiff testified that Dr. Gross prescribed a cane to Plaintiff because of her "drop foot."  (*Id.* at 71).  Plaintiff claims that when she feels numbness, she needs a cane nearby unless she can immediately sit down.  (*Id.* at 71-72).

Plaintiff testified that she uses the cane and she usually needs it with her in the car.  (*Id.* at 72).  Plaintiff testified that "[i]f I know I'm going to somewhere that I have to walk any further than I need to, then I'll take it in, but I try not to do that. . . . I try not to go anywhere that I know I'm going to have to walk further than I'm comfortable. . . . If there's no parking near the front of the grocery store, where I'm going in for one or two items . . [then] I would take [the cane]."  (*Id.*).

The ALJ appears to have characterized this testimony to mean that Plaintiff only uses a cane to walk long distances.  (*Id.* at 31).  The Court characterizes this testimony differently.  The Court understands Plaintiff's testimony to mean that she uses her cane whenever she cannot determine whether there is a place within the near vicinity that will allow her to sit down.  The Court does not find that Plaintiff testified that she uses a cane only for walking long distances.  Thus, the Court finds that the ALJ has not demonstrated good cause to discount Dr. Gross's opinion for this reason.

9

### 3. Whether Plaintiff Receives Only Conservative Treatment

The ALJ discounts Dr. Gross's opinion based upon Plaintiff's conservative treatment. (*Id.* at 31). The ALJ does not explain this reason further. Dr. Gross discussed both conservative and surgical options with Plaintiff, and treated Plaintiff with medications. (*Id.* at 464, 470). In Ms. Holland's more recent June 22, 2016 treatment notes, Ms. Holland discussed conservative options and continued Plaintiff on her current medications. (*Id.* at 607). Without an explanation to support this reason, the Court finds that the ALJ did not demonstrate good cause to discount Dr. Gross's opinion based upon Plaintiff's conservative treatment.

### 4. Whether Dr. Gross Treated Plaintiff's Upper Extremities

The ALJ discounted Dr. Gross's opinion based on Plaintiff's lack of treatment for upper extremity problems. (*Id.* at 31). The Court agrees that Plaintiff has not shown that she has been specifically treated by Dr. Gross for upper extremity problems. Even if this is true, at most, the ALJ may discount Dr. Gross's opinion as to Plaintiff's upper extremity limitations and not Dr. Gross's opinion in its entirety. Thus, the Court finds that the ALJ erred in discounting Dr. Gross's entire opinion based upon Plaintiff's lack of treatment with Dr. Gross for upper extremity problems.

In sum, the Court finds that the ALJ did not establish good cause to afford limited weight to Dr. Gross's entire opinion as to Plaintiff's limitations. Further, the Court finds that the ALJ's decision as to the weight afforded Dr. Gross's entire opinion is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on the ALJ's assessment of Plaintiff's subjective statements and the inclusion of all of Plaintiff's limitations in the RFC. (Doc. 13 at 15, 21).

Because the Court finds that on remand, the Commissioner must reevaluate Dr. Gross's opinion in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

## III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) Dr. Gross's opinion; (2) Plaintiff's subjective statements; and (3) Plaintiff's limitations in the RFC.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on January 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties